UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE L. BRADLEY and KEENAN SHUN BRADLEY, SR., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN JOAQUIN, et al., <br><br> Defendants. | No. 2:17-cv-02313 KJM AC <br><br><br> ORDER |

Plaintiffs' motion to compel, ECF No. 40, is before the court pursuant to E.D. Cal. R. 302(c)(1). Having reviewed the joint statement and accompanying declarations and exhibits, the court finds that the parties failed to properly meet and confer regarding the dispute at issue. Accordingly, the motion is improperly before the court and the hearing currently set for July 18, 2018 is VACATED pursuant to E.D. Cal. R. 251(b) (discovery motions shall not be heard absent compliance with meet and confer requirement). For the reasons explained more fully below, plaintiff's motion is DENIED without prejudice.

## I. Relevant Background

Plaintiffs filed this civil rights action on November 3, 2017. ECF No. 1. Plaintiffs' filed the operative Corrected Second Amended Complaint on April 24, 2018 by stipulation, and the court adopted the stipulation on April 27, 2018. ECF Nos. 26, 27. On April 23, 2018, District

1

Judge Kimberly J. Mueller issued a pre-trial scheduling order setting a discovery deadline of February 1, 2019. ECF No. 25 at 2. In the same order, Judge Mueller ordered the parties to file a "joint proposed discovery protective order and joint proposed order on the handling of electronically stored information within thirty (30) days of the scheduling conference." Id. To date, the parties have not submitted a stipulated order; unable to come to an agreed order, each party submitted a separate declaration with an attached proposed protective order. ECF Nos. 30 and 34. The court has not adopted either proposed order.

On June 7, 2018, defendants filed a motion to compel further responses to interrogatories and document requests and for reasonable expenses, including attorney's fees. ECF No. 38. Defendants ultimately withdrew the motion following meet and confer efforts. ECF No. 42.

## II.  Motion

Plaintiffs move to compel further responses and production of documents in response to plaintiffs' request for identification and production of documents and for imposition of sanctions. ECF No. 40. The parties submitted a joint statement. ECF No. 43. Counsel for each party submitted an accompanying declaration with multiple exhibits. ECF Nos. 43-1 to 43-18; 44.

## III.  Analysis

A. <u>Legal Standard for Motion to Compel</u>

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). If a party does not make a required production, the requesting party may bring a motion before the court pursuant to Fed. R. Civ. P. 37 to compel disclosure. However, before a party may bring such a motion, the movant must show that he conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention. Fed R. Civ. P. 37(a)(1).

The burden of ensuring that proper meet and confer discussions take place is on the moving party. E.D. Cal. R. 251(b). The rule is clear: "Counsel for the moving party or prospective *moving party shall be responsible* for arranging the conference, which shall be held at

a time and place and in a manner mutually convenient to counsel." Id. (emphasis added). "A court can deny a motion to compel solely because of a party's failure to meet and confer prior to filing the motion." Rogers v. Giurbino, 288 F.R.D. 469, 477 (S.D. Cal. 2012); see also, Scheinuck v. Sepulveda, No. C 09–0727 WHA (PR), 2010 WL 5174340, at *1–2, 2010 U.S. Dist. LEXIS 136529, at *3–4 (N.D. Cal. Dec. 15, 2010).

B.  Plaintiffs Failed to Meet Their Obligation to Meet and Confer

It is clear from the joint statement and accompanying declarations and exhibits that plaintiffs did not make the necessary efforts to meet and confer with defendants before bringing their motion to compel. On June 5, 2018, defense counsel sent plaintiffs' counsel two letters detailing deficiencies in plaintiffs' responses to defendants' discovery requests and asking for plaintiffs' counsel to either contact him within three days or submit supplemental responses without objections. ECF No. 43-2. Plaintiffs' counsel responded by e-mail that he was unavailable to meet and confer on defendants' discovery concerns within the time requested, but did not provide alternative dates. ECF No. 43-3. Plaintiffs' counsel did not mention any concerns regarding defendants' production or responses to plaintiffs' discovery requests. Id.

On June 7, 2018, defense counsel e-mailed plaintiffs' counsel and provided alternative dates to meet and confer regarding defendants' discovery requests. ECF No. 43-5. Plaintiffs' counsel responded that he would review the dates, and stated: "I will also notify you of deficiencies in defendant's responses to plaintiff's discovery requests so that we can meet and confer about those at the same time in time for those to be noticed for the July 18, 2018, hearing already set." Id. On June 14, 2018, defense counsel e-mailed plaintiffs' counsel stating that he had not heard from plaintiffs' counsel on the meet and confer dates, and several of the proposed dates had passed. ECF No. 43-7. Defense counsel offered, in an effort to accommodate plaintiffs' counsel, to make himself available any time during the following week. Id.

On June 21, 2018, the parties met and conferred regarding defendants' discovery concerns. ECF No. 43-1 at ¶ 17. Plaintiffs' counsel alleges defendants "refused to meet and confer" on plaintiffs' discovery concerns, stating that defense counsel Dana Suntag was responsible for the production and was unavailable at the time. Id. at ¶ 18. Defense counsel

3

Joshua J. Stevens alleges that at the June 21, 2018 conference plaintiffs' counsel simply made generic comments that defendants' production was "bad" and "defective" without identifying particular concerns. ECF No. 44 at ¶ 8. Mr. Stevens states that he told plaintiffs' counsel that Mr. Suntag had prepared defendants' discovery responses and a separate meet and confer with Mr. Suntag would be ideal. Id. Mr. Stevens offered during the call to go through each of plaintiffs' counsel's concerns and take notes, which he would convey to Mr. Suntag, but states that plaintiffs' counsel declined this offer. Id.

On June 21, 2018, plaintiffs' counsel provided supplemental discovery responses and a privilege log to defendants. ECF No. 43-9. On June 27, 2018, defense counsel e-mailed plaintiffs' counsel noting continuing concerns with plaintiffs' production, and making specific requests for further responses and making certain concessions. ECF No. 43-11. Plaintiffs' counsel responded, agreeing to make certain further productions if defendants would withdraw their pending motion to compel; plaintiffs' counsel made no comment regarding plaintiffs' ongoing discovery concerns. Id.

On July 3, 2018, defense counsel e-mailed plaintiffs' counsel stating that defendants would take their motion off calendar, and stating that as a further sign of good faith, defendants would produce amended responses to plaintiffs' discovery requests if plaintiffs would agree to take their motion to compel off calendar as well. ECF No. 43-13. Defense counsel went on to state that "aside from you telling us that you want documents from us, we do not know what the basis of your motion to compel is, since you have not met and conferred with us on it. As you know, our joint statements on the motions to compel are due [July] 11, and will take some time to prepare." Id. Plaintiffs' counsel responded, stating in relevant part:

> We will not take our motion off calendar. Your responses are irreparably defective and you have not provided us with a single document.
>
> We met and conferred on our motion to compel. You stated that Mr. Suntag was handling our responses and that he was on jury duty. A week passed and nothing was done. Your responses are defective in that, *inter alia*, you have failed to provide a privilege log and you have provided not a single document.

Id. (emphasis original).

4

In the joint statement, defense counsel notes that plaintiffs' counsel sent defendants his draft joint statement, spanning 64 pages, for the first time on July 9, 2018 at 11:57 a.m. in PDF format. ECF No. 43 at 7. Defendants argue that they did not have sufficient time to meaningfully contribute to the joint statement in the absence of a substantive meet and confer process on plaintiffs' concerns, and with just 28 hours to complete their portion of the joint statement. Id. at 7-8. Defendants further assert they made a supplemental production on July 9, 2018, including a privilege log. Id. at 8.

From the foregoing, it is apparent to the court that plaintiffs did not meet their obligation to meet and confer regarding their own discovery concerns. Plaintiff's bald allegation that "we met and conferred on our motion to compel" (ECF No. 43-13) is contradicted by the record, which contains not a single piece of documentation detailing plaintiffs' specific concerns regarding defendants' discovery responses. It is not enough that plaintiffs put defendants on notice that their production was deficient – a meaningful meet and confer process necessarily includes a particularized explanation of the requesting party's concerns, such that the producing party has an actual opportunity of addressing the concerns and avoiding unnecessary discovery motions practice. Plaintiffs were plainly deficient in their efforts here. Because of plaintiffs' failure to meaningfully meet and confer on their discovery dispute, their motion must be denied. Though denial is without prejudice at this juncture and the court will not entertain defendants' request for an award of fees, the parties are cautioned that continued failure to follow the required discovery dispute protocol may result in monetary and/or non-monetary sanctions. E.D. Cal. R. 110.

## IV. Conclusion

For the reasons explained above, it is hereby ORDERED as follows:

1. The hearing on plaintiff's motion to compel (ECF No. 40), currently set for July 18, 2018, is VACATED;

2. Plaintiffs' motion to compel (ECF No. 40) is DENIED without prejudice; and

////

////

3. Each party shall bear its own fees and costs.

DATED: July 13, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6