DANA A. SUNTAG, (State Bar No. 125127)
JOSHUA J. STEVENS (State Bar No. 238105)
HERUM\CRABTREE\SUNTAG
*A California Professional Corporation*
5757 Pacific Avenue, Suite 222
Stockton, California 95207
Telephone: (209) 472-7700
Facsimile:   (209) 472-7986
dsuntag@herumcrabtree.com
jstevens@herumcrabtree.com

Attorneys for All Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE L. BRADLEY, et al, <br> Plaintiffs, <br> v. <br> COUNTY OF SAN JOAQUIN, et al., <br> Defendants. | **Case No.: 2:17-CV-2313-KJM-AC** <br><br> **JOINT ~~PROPOSED~~ ORDER ON THE HANDLING OF ELECTRONICALLY STORED INFORMATION** <br><br> **[No hearing required]** <br><br> **The Honorable Kimberly J. Mueller** |

This Joint Proposed Order on the Handling of Electronic Information (hereafter "ESI Protective Order") is entered into between Plaintiffs Denise Bradley and Keenan Shun Bradley, Sr., each individually and as co-successor in interest of Keenan Shun Bradley, Jr., Deceased, on the one hand ("Plaintiffs"); and Defendants County of San Joaquin, Sheriff Steve Moore, and Michael Knight, on the other hand ("Defendants"). (Plaintiffs and Defendants are "Parties"; each a "Party.")

R E C I T A L S

A. On April 23, 2018, the Court issued a Status (Pretrial Scheduling) Order. (Doc. No. 25). The Pretrial Scheduling Order directs the Parties to file (i) a joint proposed discovery protective order and (ii) a joint proposed order on the handling of electronically stored information.

B. On May 7, 2018, each of the Plaintiffs and Defendants filed their own proposed (i) a joint proposed discovery protective order and (ii) a joint proposed order on the handling of electronically stored information. (Doc. Nos. 30 and 34).

C. On September 20, 2018, the Court issued a minute order ordering the parties to file jointly within 7 days either (1) a jointly proposed discovery protective order and jointly proposed order on the handling of electronically stored information, or (2) an explanation of their good faith differences as to the proposed language in each proposed order, specifically identifying which language is agreed upon and which language is disputed.

D. The Parties enter into this ESI Protective Order to comply with the Court's orders as to the joint proposed order on the handling of electronically stored information.

S T I P U L A T I O N

1. Purpose and Scope

This ESI Protective Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, the Local Rules, and any other applicable orders or rules, including without limitation the Protective Order issued on September 27, 2018, on the parties' stipulation for a

protective order lodged on September 26, 2018 (the "Protective Order"). Without limiting the foregoing, each of the terms of the Protective Order applies to the terms of this ESI Protective Order.

2. Cooperation

The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter.

3. Liaison

If reasonably necessary to comply with this ESI Protective Order, the Parties should identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI. The Parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. Preservation

The Parties agree that preservation of potentially relevant ESI will be reasonable and proportionate to what is at issue in the case. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the Parties agree that ESI created or received only from November 1, 2011, forward need be preserved (to the extent already preserved).

The Parties agree to take reasonable steps to preserve records in a form that will permit the collection and production of metadata. The parties further agree that, with respect to data sources that are not reasonably accessible because of undue burden or cost, the Party maintaining such data sources reserves the right not to search, review, or produce information from such data; the Party seeking such data may seek relief, after meeting and conferring, if it challenges the assertion that the data source(s) is/are not reasonably accessible.



JOINT PROPOSED ORDER ON THE HANDLING
OF ELECTRONICALLY STORED INFORMATION

5. <u>Search</u>

In responding to Fed. R. Civ. P. 34 requests or Fed. R. Civ. P. 30 requests that include a document request, the Parties will meet and confer about methods to search ESI to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

6. <u>Production Formats</u>

The Parties agree to produce documents in PDF or TIFF and native file formats. If particular documents reasonably warrant a different format, the Parties will use reasonable efforts to arrange for the mutually acceptable production of documents in such different format, such that the Parties are not put to unusual expense or burden. The Parties agree not to degrade the searchability of documents as part of the document production process.

With respect to documents maintained in paper format, the Parties may produce any such documents in paper format or scanned and saved in PDF format.

7. <u>Documents Protected from Discovery</u>

Pursuant to the authority in Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other proceeding.

The parties reserve right to assert privilege as follows: All asserted privileges must be documented in a privilege log. Official Information and Law Enforcement privileges must supported by affidavit signed by a member of the law enforcement agency with a rank of at least Deputy Chief or equivalent.

Communications involving counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

8. <u>Modification</u>

This ESI Protective Order may be modified by a Stipulated Order of the Parties or by the Court for good cause shown.

Dated: September 27, 2018     JEFF DOMINIC PRICE

By: /s/ Jeff Dominic Price
JEFF DOMINIC PRICE
Attorneys for Plaintiffs

Dated: September 27, 2018     HERUM\CRABTREE\SUNTAG
A California Professional Corporation

By: /s/ Dana A. Suntag
DANA A. SUNTAG
Attorneys for All Defendants

## O R D E R

Good cause appearing therefor,

IT IS SO ORDERED.

Dated: September 28, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE



JOINT PROPOSED ORDER ON THE HANDLING
OF ELECTRONICALLY STORED INFORMATION

5